FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 14 AM 9:04

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTER DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,** | **CIVIL ACTION NO. 02-CV-001259** |
| **VERSUS** | **SECTION R** |
| | **JUDGE VANCE** |
| **EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **MAGISTRATE 4** |
| | **MAGISTRATE ROBY** |

**DEFENDANT EUSTIS ENGINEERING COMPANY INC.'S MOTION TO DISMISS**

Now comes Defendant Eustis Engineering Company Inc. who, pursuant to Federal Rule of Civil Procedure 12(b)(6) moves to dismiss the claims of Plaintiff Jeanne Phillips Powell against it on the grounds the claims are not cognizable as a matter of law. More Particularly, Eustis would show that it is not a proper party to Plaintiff's claim for disability benefits as the Eustis Engineering Company Inc. Disability Benefits Plan is the only proper party to such a claim. Eustis also moves to dismiss Plaintiff's breach of fiduciary duty claim under ERISA on the grounds that where a plan participant brings a claim for benefits under ERISA §502(a)(1)(b), 29 U.S.C. §1132(a)(1)(B), she cannot bring a breach of fiduciary duty claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

Wherefore, Defendant Eustis Engineering Company Inc. prays this motion be granted and that all Plaintiff's claims against it be dismissed with prejudice at her sole cost and expense.



Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
McCalla Pyburn, L.L.P.
650 Poydras Street, Suite 2800
New Orleans, Louisiana 70130
Telephone: (504) 524-2499
Facsimile: (504) 523-8679

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Motion to Dismiss via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

and

Covert J. Geary
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

this 14 day of June 2002.

EDWARD F. HAROLD

V:\2358\6548\Defendant's Pleadings\mdsm-mot doc

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,** | **CIVIL ACTION NO. 02-CV-00125** |
| | **SECTION R** |
| **VERSUS** | **JUDGE VANCE** |
| **EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **MAGISTRATE 4** |
| | **MAGISTRATE ROBY** |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO DISMISS DEFENDANT EUSTIS ENGINEERING COMPANY INC.**

## I. INTRODUCTION

Plaintiff brings this claim under ERISA alleging she was wrongfully denied disability benefits offered by her former employer under the Eustis Engineering Company, Inc. Long Term Disability Plan (the "Plan"). The Plan is a fully insured plan with all claims administered and funded by AIG Life Insurance Company. Under the terms of the Plan, Eustis has no discretionary authority and all decisions regarding benefit claims are made solely at the discretion of AIG. As such, Eustis is not a proper party to this suit. Moreover, Plaintiff's breach of fiduciary duty claims are without merit as the sole avenue through which an ERISA plan participant may seek benefits is 29 U.S.C. § 1132(a)(1)(B).

## II. THE PLEADINGS

### A. THE EUSTIS ENGINEERING COMPANY LONG TERM DISABILITY BENEFIT PLAN[1]

The Eustis Engineering Company Long Term Disability Plan is comprised of three documents: 1) the group long-term disability policy; 2) ERISA rights and Claims Review Procedures and 3) the certificate of insurance issued to each employee covered by the plan.[2] The claims procedure provides that AIG makes all benefit determinations.

> A decision will be made by the Insurance Company no more than 90 days after receipt of due proof of loss ...[3]

The claims provision provides AIG has the final decision making authority on appeals of denied claims.

> A decision shall be made by the Insurance Company no more than 60 days after receipt of request for review ...[4]

The employee's certificate of insurance provides AIG has discretionary authority to interpret the plan and make benefit determinations.

> We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.[5]

---

[1] The court may consider the copy of the Plan Document submitted herewith without converting this motion to one for summary judgment. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (holding that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim)"[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir 1997). *See also Seal v. Gateway Companies Inc. of Delaware*, 2001 WL 1018362 (E.D.La.)(Vance, J.) This principle is applicable to the submission of an ERISA plan document in a claim for benefits. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("Because Parrino's claims rest on his membership in FHP's plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint. The FHP Group Application Plan includes key terms regarding the plan covering Parrino, and its authenticity was not disputed by the parties. Accordingly, it was proper for the district court to consider that document in ruling on the defendants' motions to dismiss.")

[2] Group Long Term Disability Policy, ERISA rights and specimen Certificate of Insurance attached as Exhibit A.

[3] Claim Procedures.

[4] Claim Procedures.

Eustis has no authority under the Policy, the ERISA Rights section or the Certificate to make benefit determinations.

**B. THE PETITION**

The gravamen of Plaintiff's complaint is that she was wrongfully denied long-term disability benefits due to the erroneous conclusion she was on an unpaid leave of absence at the onset of her disability. Petition ¶¶ 11 –15. The Petition states that Eustis provided incorrect information regarding her employment status to AIG and that AIG improperly relied on this information in denying her claim. Finally, the Petition alleges that AIG and Eustis "breached their fiduciary duties."

**III. ARGUMENT AND LAW**

**A. AN EMPLOYER IS NOT A PROPER PARTY TO A SUIT SEEKING BENEFITS UNDER AN ERISA PLAN BECAUSE THOSE BENEFITS ARE RECOVERABLE ONLY AGAINST THE PLAN**

Eustis must be dismissed as a defendant with respect to Plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B) because ERISA does not allow claims for benefits against any party except the plan itself. "ERISA permits suits to recover benefits only against the Plan as an entity." *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2nd Cir. 1993), *citing Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985). *See also, Moore v. Berg Enterprises, Inc.*, 3 F.Supp.2d 1245 (D. Utah 1998) (finding employers were "not proper defendants under § 1132(a)(1)(B) because they are neither plan administrators nor fiduciaries."), affirmed 201 F.3d 448 (10th Cir. 1999) (affirming district court's ruling that employers were not subject to liability under § 1132(a)(1)(B)); *Bowers v. Multimedia Cablevision, Inc.*, 1998 WL 856074 (D. Kan. 1998) (dismissing ERISA benefit action against employer because employer was not proper party defendant); *Hemphill v. Unisys Corporation*, 855 F.Supp. 1225 (D. Utah 1994) (dismissing

[5] Certificate p. 16.

action against Defendant-employer and requiring plaintiff to amend complaint to assert action against proper party defendant, the Plan); *Miller v. Pension Plan for Employees of the Coastal Corporation*, 780 F.Supp. 768 (D. Kan. 1991) (dismissing employer from action for benefits under § 1132(a)(1)(B) "for the additional reason that it is not a proper party.").

This court previously applied this rule in *Roig v. Limited Long Term Disability Program,* 2000 WL 1146522, *9 (E.D. La. 2000).

> Although the Fifth Circuit has not yet addressed this issue, other district courts in this circuit have agreed with the Ninth Circuit's holding in *Gelardi* that the only proper defendant in a suit to recover benefits is the plan. *See, e.g., Murphy v. Wal-Mart Assocs.' Group Health Plan,* 928 F.Supp. 700 (E .D. Tex. 1996) (no action against claims administrator for recovery of benefits under section 1132(a)(1)(B)); *Crawford v. Exxon Corp.*, 851 F.Supp. 242, 244 (M.D. La. 1994) (granting summary judgment in Exxon's favor "because ERISA only provides for suits against the Plan as an entity to recover benefits"); *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan,* 76 B.R. 563, 570 (N.D. Tex. 1987) (*citing Gelardi* and 29 U.S.C. §1132(d)), *aff'd,* 862 F.2d 513 (5th Cir. 1988). Because the Court finds no authority for holding a plan administrator individually liable for the denial of benefits under section 1132(a)(1)(B), the Court concludes that the Plan is the only proper party defendant to plaintiff's claim under this section.

As recognized by this court in *Roig*, there was and continues to be a split of authority in the circuits on whether a fiduciary with discretionary control over claims decisions may be sued as a proper party. Nevertheless, even those circuits allowing suits to proceed against claim decision makers do not allow a suit against an employer with no discretionary control over benefit determinations. "Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, *266 (6th Cir. 1988). *See also Layes v. Mead Corporation*, 132 F.3d 1246 (8th Cir. 1998) (trial court properly dismissed employer as a defendant where insurance company retained sole control over benefit determinations); *Hall v. Lhaco, Inc.*, 140 F.3d 1190, *1194 (8th Cir.

1998)(the proper party against whom a claim for ERISA benefits may be brought is the party that controls administration of the plan, not the plan participant's employer following *Layes*).

Here, the Plan Document unequivocally shows that Eustis has no discretionary authority over claims for benefits under the insurance policy issued by AIG. AIG is solely responsible for making benefit determinations. As such, Eustis is not a proper party Defendant and must be dismissed.

**B. PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIMS FAIL BECAUSE SHE HAS A CLAIM FOR RELIEF UNDER 29 U.S.C.A. §1132(A)(1)(B) WITHOUT REGARD TO WHETHER SHE CAN PREVAIL ON THAT CLAIM**

Section 502 of ERISA sets forth a detailed scheme to enforce the provisions of ERISA. Section 502(a)(1)(B) is used to pursue claims for benefits, and provides in pertinent part: "A civil action may be brought by a participant or beneficiary to recover benefits due him under the terms of the plan."[6] Section 502(a)(3) of ERISA is a "catch all" provision, providing in pertinent part "A civil action may be brought by a participant or beneficiary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief."[7]

In *Varity Corp. v. Howe*[8] the Supreme Court held a plan participant *could* seek individual relief against a fiduciary under the "catch all" provision of § 502(a)(3) of ERISA. The *Varity* Court, however, did not want to turn any benefits claim or like case into a claim for breach of fiduciary duties. Accordingly, the *Varity* Court held that relief under § 502(a)(3) would ordinarily not be "appropriate" when there were remedies available under other provisions of ERISA. As such, where a Plaintiff's purported breach of fiduciary duty claim is, in reality, a claim for benefits as alleged

---

6 *Codified at* 29 U.S.C. § 1132(a)(1)(B).
7 *Codified at* 29 U.S.C. § 1132(a)(3).
8 116 S.Ct. 1065 (1996).

here, the Plaintiff's right to redress is provided by ERISA 502(a)(1) (providing for suits for benefits) and Plaintiff has no right to redress under section 502(a)(3), ERISA's breach of fiduciary duty enforcement provision.

The Fifth Circuit recognized the exclusivity of 1132(a)(1)(B) in *Tolson v. Avondale Industries, Inc.*,

> Because Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3). Section 1132(a)(2) allows a beneficiary to bring a standard breach of fiduciary duty suit for the benefit of the subject plan. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court interpreted section 1132(a)(3) to allow plaintiffs to sue for breach of fiduciary duty for personal recovery when no other appropriate equitable relief is available. Because Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate.
>
> Unlike the plaintiffs in *Varity*, Tolson was the beneficiary of two viable plans whom [sic] he had standing to sue and did sue. Further, both Plans are viable and before the Court. Because this relief was available and, indeed, utilized, it would be inappropriate for the Court to fashion any further equitable relief under Section 1132(a)(3). The simple fact that Tolson did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under 1132(a)(3) viable.

*Tolson,* 141 F.3d at 610. *See also Rhorer v. Raytheon Engineers and Constructors, Inc.*, 181 F.3d 634, *639 (5th Cir. 1999) ("Indeed, it is readily apparent from Rhorer's complaint that her claim to recover plan benefits is the predominate cause of action in this suit. Accordingly, because § 1132(a)(1)(B) affords Rhorer an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty."); *Constantine v. American Airlines Pension Benefit Plan*, 162 F.Supp.2d 552, *557 (N.D. Tex. 2001) (dismissing 1132(a)(3) claim where

"[p]laintiff's breach of fiduciary duty claim [was] merely a disguised claim for failure to pay benefits.") It does not matter that the employee may not prevail on his claim, only that he can pursue it under §1132(a)(1). *Lefler v. United Healthcare of Utah Inc.*, 162 F.Supp.2d 1310 (D. Utah 2001); *White v. Sundstrand Corp.*, 2000 WL 713739, *12 (N.D. Ill. 2000)("That plaintiffs were unsuccessful with their denial of benefit claims under section 1132(a)(1)(B) does not make their breach of fiduciary duty claim under section 1132(a)(3) viable.")

Other circuits considering the issue have adopted *Tolson's* analysis. *Larocca v. Borden, Inc.*, 276 F.3d 22, *28 (1st Cir. 2002) ("[F]ederal courts have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to Section a(1), there is an adequate remedy under the plan which bars a further remedy under Section a(3)."); *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, *615 (6th Cir. 1998)("Because § 1132(a)(1)(B) provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)."); *Conley v. Pitney Bowes*, 176 F.3d 1044, *1047 (8th Cir. 1999)("where a plaintiff is 'provided adequate relief by [the] right to bring a claim for benefits under ... § 1132(a)(1)(B),' the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B) *citing, Wald v. Southwestern Bell Corp., Customcare Medical Plan,* 83 F.3d 1002 (8th Cir. 1996)); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, *1475 (9th Cir. 1997) ("Equitable relief under section 1132(a)(3) is not "appropriate" because section 1132(a)(1) provides an adequate remedy in this case."); *Katz v. Comprehensive Plan of Group Insurance, Alltel*, 197 F 3d 1084,1087-89 (11th Cir, 1999)(plaintiff with cause of action under 1132(a)(1)(B) may not bring claim under ERISA's catchall provision 1132(a)(3)).

## IV. CONCLUSION

Here, Plaintiff's only claim is for the disability benefits she alleges to which she alleges she was entitled. She alleges AIG's decision to deny her benefits was arbitrary. Her claim is properly made under 29 U.S.C. § 1132(a)(1)(B). This claim is not viable against her employer, Eustis, and her alternative breach of fiduciary duty claim is barred as a matter of law.

Wherefore, Defendant prays its motion be granted and that Plaintiff's claims be dismissed against it at her sole cost and expense.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
McCalla Pyburn, L.L.P.
650 Poydras Street, Suite 2800
New Orleans, Louisiana 70130
Telephone: (504) 524-2499
Facsimile: (504) 523-8679

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Memorandum In Support of Motion to Dismiss via U.S. Mail properly addressed and postage prepaid on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

and

Covert J. Geary
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

this 14 day of June 2002.

EDWARD F. HAROLD

V \2358\6548\Defendant's Pleadings\mdsm-memo.doc

**UNITED STATES DISTRICT COURT**

**EASTER DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,**<br><br>**VERSUS**<br><br>**EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION NO. 02-CV-00125**<br><br>**SECTION R**<br><br>**JUDGE VANCE**<br><br>**MAGISTRATE 4**<br><br>**MAGISTRATE ROBY** |

**NOTICE OF HEARING**

Please take notice that Defendant Eustis Engineering Company Inc. will bring on for hearing its Motion to Dismiss before the Honorable Sarah Vance on July 10, 2002 at 10:00 a.m. at Room C279, United States District Court, 500 Camp St., New Orleans, Louisiana 70130 or as soon thereafter as counsel may be heard.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
McCalla Pyburn, L.L.P.
650 Poydras Street, Suite 2800
New Orleans, Louisiana 70130
Telephone: (504) 524-2499
Facsimile: (504) 523-8679

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Notice of Hearing via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

and

Covert J. Geary
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

this 14 day of June 2002.

EDWARD F. HAROLD

V:\2358\6548\Defendant's Pleadings\mdsm-noh.doc

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**