UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEANNE PHILLIPS POWELL | * | CIVIL ACTION |
| | * | NUMBER: 02-1259 |
| VERSUS | * | |
| | * | SECTION: R |
| EUSTIS ENGINEERING COMPANY, INC. AND | * | |
| AIG LIFE INSURANCE COMPANY | * | |
| * * * * * * * * * * * * * * * * * * * | | MAGISTRATE: 4 |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

**I.**

Defendant, Eustis Engineering Company, Inc., moves to dismiss petitioner's claim based on its assertion that her claims are not cognizable as a matter of law. Defendant argues that the only proper party is the administrator of the plan. Defendant notes in footnote number 1 at the bottom of page 2 of its supporting memorandum that the court may consider a copy of the plan document without converting the motion to one for summary judgment. The plan, which is attached to defendant's supporting memorandum, clearly identifies Eustis Engineering Company, Inc., as the Plan Sponsor and Plan Administrator. The plan also states that any employee desiring to make a claim should obtain the claim form from the employer or administrator. It lists Eustis Engineering Company, Inc. as the agent for service of process. In addition, the decision to deny petitioner's claim for benefits was based on the incorrect information provided by Eustis Engineering Company, Inc., that petitioner was not an active employee at the time of her disability.

AIG Life Insurance Company is the insurer. Its claims representative denied petitioner's claim, not because she was not



disabled, but because Eustis Engineering Company, Inc. alleged that she was not an active employee when her disability commenced. This is absolutely incorrect. As petitioner states in her complaint, she was granted a leave of absence with pay for the period from November 10-17, 2001. She was allowed to take her vacation early so that she could be married and go on a honeymoon. It was during the week of November 10-17, 2001, that she became disabled.

Defendant also claims that plaintiff's breach of fiduciary duty claims are without merit as an ERISA plan participant may seek benefits pursuant to 29 U.S.C. Section 1132(a)(1)(B). This ignores the fact that claimant's burden is to show that the decision to deny benefits was arbitrary and capricious. For the sake of argument, AIG Life Insurance Company may contend that it was not arbitrary and capricious because it relied on the information the employer provided, i.e. that claimant was not an active employee when she became disabled. Under these circumstances petitioner should have the right to show that Eustis Engineering Company, Inc., has a conflict of interest and misrepresented facts. If AIG was not arbitrary and capricious because it relied on false information supplied to it by Eustis, then Eustis is responsible as a fiduciary for supplying incorrect information.

In the case of Lee v. Burkhart, 991 F.2d 1004.1113 (2nd Cir., 1993), which is cited by defendant, the court held that the plaintiffs could not recover because they failed to assert that the defendant misrepresented itself as the insurer for recovery on grounds of estoppel, and because they did not show that the defendant was aware of the employer's breach of its duty to

disclose the source of the plan's finding. In the case at bar, the insurer based its entire decision to deny benefits on the incorrect information it received from the employer and plan administrator. The Lee court, id. also stated that Section 405 of ERISA, 29 U.S.C.S. Section 1105, imposes on each fiduciary a liability for breach of duty by a co-fiduciary if the first has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts to remedy the breach. Further, the court stated that under certain circumstances even a non-fiduciary can be responsible to a plan for knowingly participating in the breach of a fiduciary duty. Eustis had the responsibility to provide accurate information to the insurer concerning employment, and the insurer had the responsibility to investigate. In <u>Toland v. McCarthy</u>, 499 F Supp. 1183 (D. Mass., 1980), the court held that the trustee's denial of the member's application without having caused the reasonably available evidence to be gathered and placed before them for consideration was an error of law. The court also determined that the trustee's finding that the member was not performing work under the collective bargaining agreement was not supported by substantial evidence (at page 1994). In the case at bar, the finding that petitioner was not an employee is not supported by substantial evidence. The employer/administrator knew that claimant was an active employee; however, it provided incorrect information to the insurer. The denial of petitioner's claim without having the reasonable available evidence to be gathered and considered by the insurer is an error of law. <u>Toland v. McCarthy</u>,

3

id.

It should be noted that the plan attached to defendant's memorandum does not list the trustee. It provides that "The plan is administered by the Plan Administrator" with benefits provided in accordance with the provisions of the applicable group policy. Defendant argues that Eustis Engineering Company, Inc. has no discretionary authority and all decisions are made solely at the discretion of AIG. Nothing in the plan suggests this. The plan states that "The Plan Administrator reserves full authority, at its sole discretion, to terminate, suspend, withdraw, reduce, amend or modify the Plan, in whole or in part, at any time, without prior notice." It is also important to note that the Plan Administrator, Eustis Engineering Company, Inc. also decides who is or is not an active full time employee. In the section entitled "Claim Procedures, paragraph A," the plan provides that an employee's claim should be forwarded to the individual authorized to pay claims (Administrator or Insurance Company's Claim Representative).

As the facts in the case at bar show, the plan provides fertile ground for conflicts of interest to grow. In <u>Brown v. Blue Cross and Blue Shield of Alabama, Inc., et al</u>, 898 F.2d 1556, the court applied the arbitrary and capricious standard to appellee's decision and found a conflict of interest arose when appellee was the disseminating fiduciary for benefits to be paid from its own assets. In the case at bar, a conflict arises when Eustis Engineering Company, Inc. denies that petitioner is its employee without any substantial basis for the denial. In <u>Varity Corp. v.</u>

4

Howe, 116 S.Ct. 1065 (1996), which is cited by defendant, the court found that the employee was acting as an ERISA fiduciary when it deliberately mislead the beneficiaries with regard to the benefit plan, causing them to withdraw and forfeit their benefits. There is no difference in the case at bar when the employer causes petitioner to forfeit her benefits by denying that she is an employee. Petitioner should have the right to show that AIG was arbitrary and capricious in its denial of benefits, or that Eustis provided misleading information and breached its fiduciary capacity, or that both AIG and Eustis were at fault in denying benefits. The court in Varity Corp. specifically stated that the remedial provision of ERISA that the beneficiaries invoked, ERISA 29 U.S.C.S. Section 502(a)(3), 29 USC Section 1132(a)(3), authorized their lawsuit for individual relief and that Section 409 did not contain the exclusive set of remedies for every kind of fiduciary relief. In the case at bar, if the misinformation provided by Eustis should preclude a finding that AIG was arbitrary and capricious, Section 502(a)(3) provides a fiduciary action. Likewise, if as Plan Administrator, Eustis acts in an arbitrary and capricious way in support of its own self interest, it is an ERISA fiduciary.

    Defendant also cites the case of Tolson v. Avondale, 141 F.3d 604 (5th Cir., 1998), in support of its argument that petitioner has adequate redress for disavowed claims through his right to bring suit pursuant to Section 1132(a)(1) and therefore has no claim for breach of fiduciary duty under Section 1132(a)(3).

This is not the situation in the case at bar where the Plan Administrator is the employer and where there is a conflict of interest, and the employer provides misleading information. In Tolson, the claim was not denied because the employer and Plan Administrator gave false information that the employee was not actually employed.

## Conclusion

Petitioner has two causes of action pursuant to 29 USC 1132. The first is to recover benefits which were denied as a result of the arbitrary and capricious denial of petitioner's benefits by AIG. Section (a)(B). Secondly, Section (a)(B)(3) allows an action against Eustis Engineering for breach of its fiduciary responsibilities as a result of the incorrect information it gave to AIG, the insurer. AIG will argue that it was not arbitrary or capricious because it relied on the information provided by the Plan Administrator, Eustis Engineering. Under the circumstances, petitioner also has a cause of action against Eustis for breach of its fiduciary responsibilities.

**Respectfully Submitted,**

*[signature]*
**DELBERT G. TALLEY**
2200 North Highway 190, Suite A
Covington, Louisiana 70433
Telephone: (985) 893-5511
LA Bar No. 12635

DATA\POWELL-J.MIO

6

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing a copy of same in the United States Mail, postage prepaid, this **19th** day of **June**, 2002.

                                              DELBERT G. TALLEY

DATA\POWELL-J MIO