FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL -8 PM 4: 29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNE PHILLIPS POWELL<br>Plaintiff,<br><br>VERSUS<br><br>EUSTIS ENGINEERING COMPANY,<br>INC. and AIG LIFE INSURANCE<br>COMPANY,<br>Defendants. | CIVIL ACTION NO. 02-CV-001259<br><br>SECTION N<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE 4<br><br>MAGISTRATE ROBY |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.   PLAINTIFF'S BENEFIT CLAIM UNDER 1132(A)(1)(B)

Plaintiff attempts to obfuscate the Plan's clear delineation of responsibility between Eustis and AIG arguing Eustis as "Plan Administrator" is a proper party to a benefit claim. This argument reflects a misunderstanding of Defendant's position. Contrary to Plaintiff's assertion, Defendant has never suggested the "Plan Administrator" is a proper party to the claim for benefits. The "Plan" as a legal entity has a separate existence from the Plan Sponsor, the Plan Administrator and other fiduciaries. 29 U.S.C.A. 1132(d); *Chailland v. Brown and Root*, 45 F.3d 947, 949 (5th Cir. 1995). As such, under 29 U.S.C.A. §1132(d), it may be sued as an entity and is the proper party to a suit seeking benefits. While there is a split of authority among the circuits over whether the entity responsible for deciding a benefit claim may be named a defendant in a suit seeking benefits, an issue the Fifth Circuit has not yet addressed, there is no authority for the

proposition that a plan sponsor or administrator is a proper party in a suit seeking benefits where that entity does not decide the claim at issue.

Eustis is the "Administrator" of the Plan as that term is defined in ERISA. 29 U.S.C. §1002(16). But an Administrator is a specific type of fiduciary with responsibilities expressly delimited by ERISA. Under ERISA, the "Administrator" is responsible for providing a summary plan description to participants, responding to participant requests for information concerning the plan, and filing all Department of Labor required reports, i.e., annual tax returns. See 29 U.S.C. §§ 1021 – 1025. Beyond these duties, an "Administrator" is only a fiduciary to the extent it "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 USCA § 1002(21)(A)(iii). Courts have made clear that fiduciary responsibilities under ERISA are limited to those activities over which the fiduciaries have discretion.

> [F]iduciary status is not an all or nothing proposition; the statutory language indicates that a person is a plan fiduciary only "to the extent" that he possesses or exercises the requisite discretion and control. 29 U.S.C. § 1002(21)(A). Because one's fiduciary responsibility under ERISA is directly and solely attributable to his possession or exercise of discretionary authority, fiduciary liability arises in specific increments correlated to the vesting or performance of particular fiduciary functions in service of the plan, not in broad, general terms.

*Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998). *See also Bannistor v. Ullman*, 287 F.3d 394, 401 (5th Cir. 2002) ("The phrase 'to the extent' indicates that a person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control.")(citations omitted).

Here, the Plan document does not provide Eustis with any authority to make determinations on claims for benefits. Plaintiff's bald-faced assertion that the plan document does not reserve to AIG the responsibility for making benefit determinations is simply wrong.[1]

A similar case out of the Middle District of Alabama clearly explained the difference between the duties of a <u>Plan</u> Administrator under ERISA and a <u>Claims</u> Administrator. In *Henderson v. Transamerica Occidental Life Insurance Co.,* 120 F.Supp.2d 1278 (M.D. Ala. 2000), the plan participant sued the insurance company responsible for deciding his benefit claim as well as his employer, Ralston Purina. Ralston Purina was the plan sponsor and administrator of the disability plan at issue. As here, the benefits were fully insured and despite its many responsibilities regarding the plan, Ralston Purina had ceded all control over benefit determinations to the insurance company. The court concluded,

> Plaintiff glosses over the distinction between Ralston Purina as plan founder and administrator on the one hand, and LINA and Transamerica as claims administrators on the other. Undoubtedly, Ralston Purina has broad authority over the ERISA Plans in this case. For example, Ralston Purina has set up the Plans, has selected the Plans' terms, and has selected Transamerica, and now LINA as the Plan insurers. But Ralston Purina has delegated the responsibility for claims decisions to its Plan insurers. Before January 31, 1995, Transamerica was vested with full discretionary authority over benefit claims.
>
> In the absence of binding precedent from either the Supreme Court or the Eleventh Circuit on this specific question, this court concludes that Ralston Purina is not properly joined in this claim because no evidence has been presented which indicates that Ralston Purina exercised any control over Transamerica's decision to deny Plaintiff's claim for benefits

*Id.* at 1282.[2]

---

[1] See Plan Provisions cited in Eustis's Memorandum In Support p. 2.

[2] This is not to admit that any party other than the plan itself is a proper party to a claim for benefits. There is a split of authority among the circuits on this issue and the Fifth Circuit has not ruled on the issue.

Likewise here, there is no allegation Eustis exercised any decision making authority in the denial of Plaintiff's benefits claim. In fact, Plaintiff admits AIG denied her claim. "AIG Life Insurance Company is the insurer. Its claims representative denied her claim ...."[3] As such, Eustis is not a proper party to Plaintiff's claim for benefits under 29 U.S.C. §1132(a)(1)(B).

## II. PLAINTIFF HAS NO BREACH OF FIDUCIARY DUTY CLAIM AGAINST EUSTIS

### A. PLAINTIFF'S ATTEMPT TO DISTINGUISH *TOLSON* IS UNAVAILING

Plaintiff spends significant time trying to explain why, in direct conflict with every holding on the issue, she should be able to bring a breach of fiduciary duty claim under 29 U.S.C. §1132(a)(3) in conjunction with her claim for benefits under 29 U.S.C. § 1132(a)(1)(B). But stripped to its essence, Plaintiff's argument is merely that she should have a cause of action in the event she does not prevail on her claim for disability benefits. This is precisely the reasoning rejected by the courts considering the issue.[4]

Benefit determinations are not a proper arena for making breach of fiduciary duty claims. This does not leave Plaintiff without a means to seek relief. Certainly a conclusion that AIG relied on incorrect information when processing her claim for benefits is relevant to the issue of whether AIG's decision was arbitrary and capricious. *See, e.g., Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) ("If an administrator has made a decision denying benefits when the record does not support such a denial, the court may, upon finding an abuse of discretion on the part of the administrator...."); *Yochum v. Barnett Banks, Inc. Severance Pay Plan*, 234 F.3d 541, 547 (11th Cir. 2000) (denial of claim based on false and

---

[3] Plaintiff's Opposition p. 1.
[4] See pp. 6-7 of Eustis's Memorandum In Support of Motion to Dismiss.

incomplete information was arbitrary and capricious). But Plaintiff cannot turn review of a benefit determination into a breach of fiduciary duty claim.

### B. PROVIDING INFORMATION TO AN INSURANCE COMPANY MAKING A DECISION ON A CLAIM IS NOT A FIDUCIARY ACT

Plaintiff decries the fact that Eustis allegedly provided incorrect information to AIG with regard to her employment status at the time she became disabled. Pretermitting the accuracy of this allegation, it does not state a claim for breach of fiduciary duty.

"In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint. *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S.Ct. 2143, 2152 - 2153 (2000). The Department of Labor has issued guidance on what actions are not fiduciary, but rather purely ministerial. These duties include "Maintenance of participants' service and employment records." 29 CFR 2509.75-8 D-2. Thus, when an employer provides employment related information in conjunction with an insurer's processing a claim for benefits, it is not acting as an ERISA fiduciary. Simply making an error when performing these functions does not convert them to fiduciary functions or support a breach of fiduciary duty claim. "The power to err, as when a clerical employee types an erroneous code onto a computer screen, is not the kind of discretionary authority which turns an administrator into a fiduciary." *IT Corp. v. General American Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997).

Again, the *Henderson* case speaks to this issue.

> Ralston Purina performed only ministerial functions on behalf of its employees. It made claim forms available, it filled in the employer sections of those forms, it forwarded information from the Plaintiff to the insurers, and it made its own employment and

5

> timekeeping records available to those same insurers. Certainly Ralston Purina was under a fiduciary duty to forward Plaintiff's claims to Transamerica and LINA. *See Hamilton, 217 F.3d at 1328.* Ralston Purina fulfilled that obligation. This court finds no authority which supports Plaintiff's contention that more was required of Ralston Purina.

*Id.* at 1282. *See also Bollenbacher v. Helena Chemical Company*, 934 F.Supp. 1015 (N.D. Ind. 1996)(employer/plan administrator not proper party in a suit for benefits where it had no discretionary control over claim for benefits).

Simply put, not every action taken in conjunction with an ERISA plan gives rise to fiduciary duties. The only involvement of Eustis in the determination on Plaintiff's claim was transmitting information to AIG to allow AIG to make the determination. Even if Eustis provided incorrect information regarding Plaintiff's employment status, that error is not a breach of fiduciary duty because Eustis was not acting as an ERISA fiduciary when it supplied information.

### C. EUSTIS HAS NO CONFLICT OF INTEREST

Plaintiff's claim that Eustis was acting under a conflict of interest is specious. In reviewing determinations of ERISA claims under the abuse of discretion standard, a court may consider a conflict of interest between the decision maker and the participant as a factor in applying arbitrary and capricious review. *Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 302 (5th Cir. 1999). A conflict of interest exists when the decision maker has a pecuniary interest in the outcome of the claim adverse to the participant's interest. Here, Eustis was not the decision maker, AIG was. Moreover, Eustis had no financial interest in the outcome of the claim because payment of benefits is made from AIG's coffers, not Eustis's.

## III.  CONCLUSION

Plaintiff's avenue for relief in this case is a claim that the denial of her application for benefits was arbitrary and capricious under 29 U.S.C. § 1132(a)(1)(B). The availability of this relief bars a breach of fiduciary duty claim under ERISA's catchall provision, 29 U.S.C. §1132(a)(3). Moreover, the allegations of the Complaint, accepted as plead, do not establish that the alleged mistake by Eustis was made in the course of performing a fiduciary function under ERISA.

Wherefore, Defendant prays its motion to dismiss be granted and all Plaintiff's claims against it be dismissed at her sole cost and expense.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
 La. Bar Roll No. 21672
McCalla Pyburn, L.L.P.
650 Poydras Street, Suite 2800
New Orleans, Louisiana 70130
Telephone: (504) 524-2499
Facsimile:  (504) 523-8679

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

7

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing reply Memorandum In Support of Motion to Dismiss via U.S. Mail on

Delbert G. Talley<br>
2200 North Highway 190<br>
Suite A<br>
Covington, Louisiana 70433<br>
<br>
Covert J. Geary<br>
Jones, Walker, Waechter,<br>
Poitevant, Carrere & Denegre, LLP<br>
201 St. Charles Avenue<br>
New Orleans, LA 70170-5100

this __2__ day of July 2002.

_____
EDWARD F. HAROLD

V.\2358\6548\Defendant's Pleadings\mdsm-rply.doc