

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>     Plaintiff, | CIVIL ACTION NO. 02-CV-01259 |
| | SECTION N |
| VERSUS | |
| | JUDGE ENGELHARDT |
| **EUSTIS ENGINEERING COMPANY, INC.** and **AIG LIFE INSURANCE COMPANY,** | MAGISTRATE 4 |
|      Defendants. | MAGISTRATE ROBY |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff brought this action seeking payment of disability insurance benefits she had through her former employer, Defendant Eustis Engineering Company. At the outset of this matter, Eustis sought to be dismissed from this matter on the grounds, *inter alia*, the action was one for recovery of benefits under 29 U.S.C. §1132(a)(1)(b), Eustis, the employer with no control over the payment of benefits by the insurance company, was not a proper party to an 1132(a)(1)(b) claim and no cause of action against it existed under 29 U.S.C. §1132(a)(3) for breach of fiduciary duty.

Prior to seeking dismissal, Eustis reviewed the information in its files and determined there had been confusion over the dates of Plaintiff's employment for the purposes of determining whether Plaintiff was covered at the time of the alleged onset of her disability.

```
___ Fee_____
___ Process___
_X_ Dktd_____
_✓_ CtRmDep___
___ Doc. No.__
```

Eustis immediately provided this information to AIG and suggested to AIG that it should reconsider Plaintiff's claim for benefits in light of this information. Several weeks then passed. As a result, court imposed deadlines forced Eustis to respond to the suit which it did by filing the instant motion to dismiss. Finally, AIG did agree to reconsider Plaintiff's claim and the matter was stayed for that process to occur. AIG has now granted Plaintiff's claim for benefits and has paid Plaintiff the full two years of disability benefits she claims she was entitled to under the terms of Eustis' Disability Benefits Plan.[1]

It is Eustis' position that AIG Life Insurance Company, not Eustis, bears full responsibility for the misunderstanding that gave rise to this lawsuit. Eustis had no authority over making any decisions on Plaintiff's claim for benefits. Its sole role was providing AIG information regarding Plaintiff's employment, a function that has been classified as administrative by the Department of Labor's regulations. Nevertheless, those issues are no longer relevant because Plaintiff has in fact been paid the disability benefits she sought by AIG.

The bottom line is that the administrative process and subsequent payment of benefits to Plaintiff as a result of that process have now unequivocally settled that this matter was and is a claim for benefits. Claims for benefits and claims for breach of fiduciary duty are mutually exclusive.[2] Plaintiff cannot claim any other damages under ERISA.[3] She cannot receive attorney's fees because the benefits she received were achieved through the administrative process, not through litigation.[4] Moreover, she certainly cannot obtain attorney's fees against her former employer when the money she sought was at all times AIG's responsibility and was paid

---

[1] These representations to the court are based upon conversations undersigned counsel had with counsel for the other parties.
[2] *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604 (5th Cir. 1998).
[3] *Rogers v. Hartford Life & Acc. Insur. Co.*, 167 F.3d 933 (5th Cir. 1999)(extra-contractual damages are not available in a benefits claim); *Corcoran v. United Health Care*, 965 F.2d 1321 (5th Cir. 1992)(same).
[4] *Cann v. Carpenters' Pension Trust Fund For Northern California*, 989 F.2d 313 (9th Cir. 1993).

by AIG. Eustis is not a proper party to an 1132(a)(1)(B) claim and cannot be liable for attorneys' fees in such a cause of action.

Eustis is not now and has never been a proper Defendant in this case. Plaintiff has received from AIG what she claimed was owed her. Eustis must be dismissed with prejudice from this matter at Plaintiff's sole cost and expense.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
 La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile:  (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Supplemental Memorandum IN Support of Motion to Dismiss via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this ___28___ day of October 2003.

EDWARD F. HAROLD