FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 NOV -5  PM 3: 48

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEANNE PHILLIPS POWELL | * | CIVIL ACTION NO. 02-CV-01259 |
| Plaintiff | * | |
| | * | |
| VERSUS | * | SECTION N |
| | * | |
| EUSTIS ENGINEERING COMPANY, | * | JUDGE ENGLEHARDT |
| INC. and AIG LIFE INSURANCE | * | |
| COMPANY | * | MAGISTRATE 4 |
| Defendants | * | |
| | * | MAGISTRATE ROBY |

*******************************************

## MEMORANDUM IN OPPOSITION TO SUPPLEMENTAL MEMORANDUM

## IN SUPPORT OF MOTION TO DISMISS

Plantiff, Jeanne Phillips Powell was initially denied disability benefits because Eustis Engineering Company, her employer, advised that Mrs. Powell was not an employee when she became disabled. Mrs. Powell was actually on a paid leave of absence when she became disabled. After suit was filed, AIG the "insurer" of the fund paid the benefits to petitioner because it determined that the information it received from Eustis was not correct. If Eustis had furnished accurate and truthful information, the claim would not have been denied. The sole basis for the denial was Eustis assertion that Mrs. Powell was not an employee.

Eustis breached it's judiciary responsibility to provide accurate information to the plan insurer, Variety Corp. v Howe 116 S Ct. 1065 (1996) 29 U.S.C. 502 (a) (3) and 29 U.S.C. 1332 (a) (b) (3). Petitioner would not have had to pay attorney's fees if the claim had not been denied. AIG, the plan insurer refused to pay attorney's fees. AIG was not in bad faith. Eustis was in bad faith. It failed to meet its fiduciary responsibility to forward correct information concerning the claim. Attorney's

___ Fee_____
___ Process____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No._____

fees are discretionary, 29 U.S.C. 1132 (g); however the conduct of Eustis was so arbitrary and unreasonable that petitioner believes the court will award attorney fees when it hears the evidence. Eustis continues to argue that it has no responsibility for its arbitrary action and yet this is the only reason the case is in court.

Eustis advises the court that there was confusion over the dates of plaintiffs employment. Actually, there was not confusion. Eustis simply advised that Mrs. Powell was not employed and washed its' hands of the matter. AIG requested that all parties agree to a stay so that it could investigate the claim. A stay order was signed on July 15, 2002. The benefits were finally paid on August 5, 2003 after AIG's review. The claim was initially denied based on petitioners' application for disability benefits commencing on October 1, 2001. All this delay was the result of Eustis' bad faith and breach of its fiduciary responsibility to provide accurate information to the insurer.

Petitioner submits that she should not have to pay attorney's fees because of the irresponsible actions of Eustis and that she should have the opportunity to present evidence to the court on the issue of attorney's fees.

**Respectfully Submitted,**

**DELBERT G. TALLEY**
Attorney and Counselor At Law
2200 North Highway 190, Suite A
P.O. Box 2608
Covington, Louisiana 70434-2608
**Telephone:** (985) 893-5511
La. Bar No. 12635

<u>Certificate of Service</u>

I hereby certify that I have served a copy of the foregoing pleadings upon attorneys of record of all of all other parties in this action by placing name, property addressed to the United States Mail with sufficient postage to insure delivery on this ___3rd___ day of ___November___, 2003.

_____
Delbert G. Talley