FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 NOV -6  AM 10: 39

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNE PHILLIPS POWELL | CIVIL ACTION |
| VERSUS | NO. 02-1259 |
| EUSTIS ENGINEERING COMPANY, INC., ET AL | SECTION "N" |

### ORDER & REASONS

Before the Court is Defendant Eustis Engineering Company Inc.'s Motion to Dismiss. For the reasons that follow, the motion is GRANTED IN PART, in that it is granted with respect to plaintiff's claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and DENIED IN PART, in that it is denied with respect to plaintiff's claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).

### I. BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA), alleging she was wrongfully denied disability benefits under the Eustis Engineering Company Inc. Long Term Disability Plan (the "Plan"). She has sued both Eustis and AIG Life Insurance Company ("AIG"). Eustis, plaintiff's former employer, is the Plan Sponsor and serves as the Plan Administrator. AIG serves as the Claims Administrator for the Plan. Plaintiff alleges that AIG denied her claim for benefits based upon Eustis' misrepresentation to AIG that plaintiff was on unpaid leave from the company when she became disabled and, therefore, was not eligible for disability benefits. According to plaintiff, she was in fact on *paid* leave (her honeymoon) and therefore, was eligible for disability benefits when she became disabled.

___ Fee_____
___ Process___
X  Dktd_____
___ CtRmDep___
___ Doc. No __21__

NOV  6 2003

After filing the instant motion, Eustis reviewed its files and forwarded different information to AIG regarding plaintiff's employment. *See* Rec.Doc.17. Based upon this new information, AIG reconsidered its original decision and ultimately granted plaintiff's claim for benefits. *Id.* Plaintiff nevertheless presses her claims against Eustis.

## II. LAW & ANALYSIS

Plaintiff asserts two causes of action against Eustis: (1) failure to pay Plan benefits, pursuant to 29 U.S.C. § 1132(a)(1)(B); and (2) breach of fiduciary duties, pursuant to 29 U.S.C. § 1132(a)(3). Eustis argues that it had no discretionary authority regarding payment of claims and therefore is not a proper defendant in a suit for recovery of benefits under section 1132(a)(1)(B). Regarding the breach of fiduciary duty claim, Eustis argues that the availability of a section 1132(a)(1)(B) action against AIG Life Insurance Company ("AIG") to recover benefits precludes plaintiff from bringing any breach of fiduciary claim against Eustis.

### A. <u>Dismissal Under Rule 12(b)(6)</u>:

A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159 (1986); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) ("A dismissal will not be affirmed if the allegations support relief on any possible theory."). In making this determination, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Indest*, 164 F.3d at 261; *Campbell*, 781 F.2d at 442. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

B. **Recovery of Benefits:**

The circuits are split regarding whether a plan is the only proper defendant in a suit to recover benefits under section 1132(a)(1)(B). The Ninth Circuit has held that such suits may be brought only against the plan itself. *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324-25 (9th Cir.1985). Other circuits have held that such suits may be brought against an entity other than a plan if the entity is a fiduciary with sufficient discretionary authority and responsibility in the administration of the plan. *See Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3rd Cir.1994); *see also Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998) (proper party against whom claim for ERISA benefits may be brought is party that controls administration of the plan); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988) (employer can be proper party defendant in action under section 1132(a)(1)(B) if shown to control plan administration).

Although the Fifth Circuit has not addressed the issue, district courts in this circuit have agreed with the Ninth Circuit that the Plan is the only proper defendant in a suit to recover benefits. *See Roig v. Limited Long Term Disability Program*, 2000 WL 1146522 (E.D. La. 2000) (Vance, J.); *Murphy v. Wal-Mart Assocs.' Group Health Plan*, 928 F.Supp. 700 (E.D. Tex. 1996) (no action against claims administrator for recovery of benefits under section 1132(a)(1)(B)); *Crawford v. Exxon Corp.*, 851 F.Supp. 242, 244 (M.D. La.1994). This Court agrees. Furthermore, the Court is concerned that plaintiff's claim for recovery of benefits is now moot, given AIG's payment of the full benefits claimed.

C. **Breach of Fiduciary Duty:**

Plaintiff's second cause of action is for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3). Individual plan participants may sue for breach of fiduciary duty under section

3

1132(a)(3), which permits beneficiaries to enjoin ERISA violations and /or to obtain "other appropriate equitable relief" to redress such violations. *See Varity Corp. v. Howe*, 516 U.S. 489 (1996). Suits under section 1132(a)(3) may be brought against any plan fiduciary for breach of its fiduciary duties. Thus, the *Gelardi* restriction does not apply. *See Gelardi*, 761 F.2d at 1324.

However, the Supreme Court in *Varity* placed a different type of limitation on actions under section 1132(a)(3), stating that "where Congress [has] elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' " *Varity*, 516 U.S. at 515. Following *Varity*, where a plaintiff has brought claims under both sections 1132(a)(1)(B) and 1132(a)(3), and the latter merely duplicates the relief sought under the former, Courts have dismissed the section 1132(a)(3) claim, finding that appropriate relief is available under section 1132(a)(1)(B). *See e.g., Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996).

In its motion to dismiss, Eustis does not argue that plaintiff has stated no cause of action against it for breach of fiduciary duty. Rather, its sole basis for dismissing this claim is that it is duplicative of the relief sought in the section 1132(a)(1)(B) claim. In its Reply Memorandum, Eustis argues for the first time that plaintiff's allegations fail to state a claim for breach of fiduciary duty.

The Court is unable to find as a matter of law that plaintiff's complaint encompasses no cause of action against Eustis for breach of fiduciary duty. As the Supreme Court explained in *Variety*, an employer is a "'fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or 'has any discretionary authority or discretionary responsibility in the administration' of the plan." *Varity Corp. v. Howe*, 516 U.S.

489, 498 (1996) (quoting 29 U.S.C. § 1002(21)(A)). Eustis argues in its reply memorandum that it had no discretionary responsibility in the administration of the plan. The basis for this argument is a guidance document issued by the Department of Labor indicating that a person is not a fiduciary with respect to a plan if he has no power to make any decisions as to plan policy, practices, or procedures, but rather, merely maintains participants' service and employment records within a framework of rules, practices, and procedures made by other persons. *See* 29 C.F.R. § 2509.75-8. However, even if the Court were to accept this document as the definitive touchstone on the subject, it contains several qualifications, and it is far from obvious at this stage of the litigation that these have been met in this case. For example, it is not evident from the face of the pleadings (or from the plan documents submitted by Eustis) that Eustis had no power to make any decisions as to plan policy, practices, or procedures with regard to maintaining employment records and determining which employees were full-time, active, and/or eligible. Nor is it evident that AIG or any other person established the rules, practices, and procedures in this regard. Moreover, ERISA imposes on employers the duty to maintain accurate employment records,[1] and at least one court has enumerated this duty as a fiduciary one. *See Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 811(7th Cir. 1994) (citing 29 U.S.C. § 1059). Construing these ambiguities in plaintiff's favor, as the Court must at this juncture, the Court is unable to conclude as a matter of law that Eustis did not act as a fiduciary in determining plaintiff's employment status and/or making representations about it to AIG. Because employers have a duty not to misrepresent the truth when they act as ERISA fiduciaries,[2] the

---

[1] *See* 29 U.S.C. § 1059.

[2] *See Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 416 (5th Cir. 2003) (when an employer "acts as a fiduciary," it "has a duty not to misrepresent the truth"); *see also Variety*, 516 U.S. at 506 (lying is inconsistent with fiduciary's duty to discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries).

5

Court is unable to find that plaintiff has alleged no set of facts that would entitle her to relief from Eustis under section 1132(a)(3).

Nor is the Court able to find as a matter of law that an adequate remedy is necessarily provided elsewhere for a claimant such as plaintiff, whose benefits are denied solely on the basis of her employer's certification regarding her employment status. If an employer's records and/or reports to the claims administrator contain intentional or negligent misrepresentations regarding the employee's status, then the administrative record may fully support the administrator's decision to deny benefits, leaving the plaintiff with no avenue for redress. This Court is unwilling to hold — certainly on the basis of the briefing that has been done at this juncture — that an employee in such a situation is automatically and always precluded from seeking equitable relief in an action against the employer. As the Supreme Court observed in *Variety*, nothing in ERISA insulates an employer acting as a fiduciary "from the legal consequences of the kind of conduct (intentional misrepresentation) that often creates liability even among strangers." *Variety*, 516 U.S. at 506.

Discovery may demonstrate that plaintiff's section 1132(a)(3) claim against Eustis is in fact superfluous to the claim for recovery of benefits. Alternatively, discovery may reveal that the claim has been rendered moot by AIG's payment of benefits. However, construing the factual allegations and ambiguities in the substantive law in plaintiff's favor (as the Court must under Rule 12(b)(6)), the Court cannot say that plaintiff is seeking no relief from Eustis that differs from the relief sought under section 1132(a)(1)(B). Thus, the Court is unable to conclude at this juncture that plaintiff's section 1132(a)(3) claim against Eustis is wholly superfluous under *Variety*.

## III. <u>CONCLUSION</u>

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant Eustis Engineering Company Inc.'s Motion to Dismiss is **GRANTED IN PART**, in that it is granted with respect to plaintiff's claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and **DENIED IN PART**, in that it is denied with respect to plaintiff's claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).

New Orleans, Louisiana, this 5th day of November 2003.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE