

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>　　Plaintiff, | CIVIL ACTION NO. 02-CV-001259 |
| VERSUS | SECTION N |
| **EUSTIS ENGINEERING COMPANY,<br>INC. and AIG LIFE INSURANCE<br>COMPANY,**<br>　　Defendants. | JUDGE ENGELHARDT<br><br>MAGISTRATE 4<br><br>MAGISTRATE ROBY |

### ANSWER AND DEFENSES OF DEFENDANT EUSTIS ENGINEERING COMPANY

Now comes Defendant Eustis Engineering Company and responds to the Complaint and Amended Complaint of Jeanne Phillips Powell as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendant.

**SECOND DEFENSE**

To the extent Plaintiff's complaint contains claims based on state law, those claims are preempted by ERISA.

**THIRD DEFENSE**

Plaintiff's claims are moot.

```
___ Fee_____
___ Process_____
 X  Dktd___
___ CtRmDep____
___ Doc. No.____
```

## FOURTH DEFENSE

Plaintiff's claims are barred by her failure to exhaust all administrative remedies.

## FIFTH DEFENSE

Any alleged injury or damage suffered by Plaintiff was in no way caused by, or a result of, any fault, act or omission by Defendant, but was caused by circumstances, persons or entities for whom Defendant is not responsible, including Plaintiff and for whom Defendant cannot be held liable.

And now answering the particular allegations of the Complaint, Defendant avers:

1.

Defendant admits this court has jurisdiction over claims brought pursuant to the Employee Retirement Income Security Act of 1974, but denies that any claim exists against it under said law.

2.

Defendant admits the allegations of Paragraph II A of the Complaint.

Defendant admits the allegations of Paragraph II B of the Complaint.

Defendant admits the allegations of Paragraph II C of the Complaint.

3.

With regard to the allegations of Paragraph III of the Complaint, Defendant admits it at one time procured long term disability benefits for its employee through AIG Insurance Company. The remaining allegations of Paragraph III are denied on the grounds the policy referenced therein is the best evidence of its own contents.

4.

With regard to the allegations of Paragraph 4 of the Complaint, Defendant admits that it employed Plaintiff for a period of time. Defendant can neither admit nor deny whether it

employed Plaintiff "at all pertinent" times as said allegation is ambiguous and susceptible to multiple interpretations. As such, it denies same.

5.

Defendant denies the allegations of Paragraph 5 of the Complaint on the grounds the referenced policy is the best evidence of its own terms.

6.

Defendant admits the allegations of Paragraph 6 of the Complaint.

7.

Defendant denies the allegations of Paragraph 7 of the Complaint as written. In response, Defendant avers that Plaintiff was allowed to use time off with pay for the purposes of going on a honeymoon. The days she was to receive pay for were November 12 – 16, 2001. At that time, she was not eligible for and did not have any time off with pay under Defendant's policies related to time off with pay. Defendant allowed Plaintiff to be paid for those days based on the understanding that following the honeymoon, Plaintiff would return to work and would then be able to earn the time off with pay by working in the following calendar year. Plaintiff did not return to work and did not earn the time off with pay that she was paid for the dates of November 12 – 16, 2001.

8.

With regard to the allegations of Paragraph 8 of the Complaint, Defendant responds that Plaintiff did not return to work when scheduled. Defendant is without information or belief sufficient to form an opinion as to the truth of the remaining allegations of Paragraph 8 of the Complaint and therefore, the remaining allegations are denied..

9.

Defendant denies the allegations of Paragraph 9 of the Complaint.

10.

Defendant is without information or belief sufficient to form an opinion as to the truth of the matters asserted in Paragraph 10 of the Complaint and therefore denies same.

11.

With regard to the allegations of Paragraph 11 of the Complaint, Defendant avers that AIG life insurance company ahs granted Plaintiff's claim for disability benefits. As such, Defendant denies the allegations of Paragraph 11 of the Complaint.

12.

With regard to the allegations of Paragraph 12 of the Complaint, Defendant avers that AIG life insurance company ahs granted Plaintiff's claim for disability benefits. As such, Defendant denies the allegations of Paragraph 11 of the Complaint.

13.

Defendant denies the allegations of Paragraph 12 of the Complaint on the grounds that the letter referenced therein is the best evidence of its own contents.

14.

Defendant denies the allegations of Paragraph 14 of the Complaint on the grounds that it offered Plaintiff her COBRA rights to continue medical insurance at the end of November 2001.

15.

Defendant denies the allegations of Paragraph 15 of the Complaint.

16.

Defendant denies the allegations of Paragraph 16 of the Complaint.

17.

Defendant denies the allegations of Paragraph 17 of the Complaint.

18.

Defendant denies the allegations of Paragraph 18 of he Complaint.

19.

Defendant denies the allegations of Paragraph 19 of the Complaint.

20.

Defendant denies Plaintiff's prayer for relief and denies that Plaintiff is entitled to any judgment, recovery or award against it whatsoever.

21.

With regard to the allegations of Plaintiff's Amended Complaint, said Amended Complaint contains only a change in the Caption of the pleading and as such, does not call for a response from Defendant.

22.

Any allegations of the Complaint and Amended Complaint not heretofore expressly admitted or denied be and are hereby denied.

Wherefore, Defendant prays that judgment be entered in its favor dismissing all Plaintiff's claims against it with prejudice at Plaintiff's sole cost and expense and that it be awarded all its attorneys' fees and costs associated with the defense of this action.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
 La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile:  (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Answer and Defenses of Defendant Eustis Engineering Company via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this ___8___ day of December 2003.

EDWARD F. HAROLD

6