FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAR -5 PM 4:39

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,**<br><br>**VERSUS**<br><br>**EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION NO. 02-CV-01259**<br><br>**SECTION N**<br><br>**JUDGE ENGELHARDT**<br><br>**MAGISTRATE 4**<br><br>**MAGISTRATE ROBY** |

**MOTION FOR SUMMARY JUDGMENT**

Defendant Eustis Engineering Company, pursuant to Federal Rule of Civil Procedure 56. moves the court for summary judgment dismissing all Plaintiff's remaining claims with prejudice. As grounds for this motion, Defendant would show that none of the relief sought by Plaintiff under 29 U.S.C. §1132(a)(3) is available under that statute under the Supreme Court's decision in *Great-West Life & Annuity Insurance Company v. Knudson*, 122 S.Ct. 708 (2002) all as more fully set forth in the Memorandum in Support filed herewith.

Wherefore, Defendant prays that its motion be granted and all Plaintiff's claims against it be dismissed with prejudice at Plaintiff's sole cost and expense.

___ Fee___
___ Process___
X Dktd ___
✓ CtRmDep___
___ Doc. No. 29

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Motion for Summary Judgment via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this 5 day of March 2004.

EDWARD F. HAROLD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,**<br><br>**VERSUS**<br><br>**EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION NO. 02-CV-01259**<br><br>**SECTION N**<br><br>**JUDGE ENGELHARDT**<br><br>**MAGISTRATE 4**<br><br>**MAGISTRATE ROBY** |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

In accordance with the Local Rules of Court, Defendant submits the following statement of material facts that are undisputed.

1. Plaintiff was an employee of Defendant Eustis Engineering Company.[1]

2. She was a participant in the Eustis's Long Term Disability Benefits Plan.[2]

3. The insurer providing the disability benefits to Eustis's plan was AIG.[3]

4. Plaintiff has been paid all disability benefits she was entitled to under the terms of the Plan.[4]

---

1 Petition ¶ IV.
2 Petition ¶ V.
3 Petition ¶ III.
4 Plaintiff's Response to Request for Admissions.

5. Following her last day of paid employment, November 17, 2001, Plaintiff never returned to work due to her disability.[5]

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Statement of Undisputed Material Facts via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this 5 day of March 2004.

EDWARD F. HAROLD

[5] Petition ¶ VII – X.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,**<br><br>**VERSUS**<br><br>**EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION NO. 02-CV-01259**<br><br>**SECTION N**<br><br>**JUDGE ENGELHARDT**<br><br>**MAGISTRATE 4**<br><br>**MAGISTRATE ROBY** |

**DEFENDANT'S MEMORANDUM IN**
**SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff brought this suit against her former employer, Eustis Engineering, and its long term disability benefits insurer, AIG, seeking disability benefits that she received as a benefit of employment. Immediately upon receipt of the suit, Eustis examined the situation and provided AIG with the information that resulted in AIG reconsidering her claim and the lawsuit being stayed. AIG paid Plaintiff all disability benefits to which she was entitled.[1] Plaintiff then released AIG from the suit and the claims against it were dismissed.

Plaintiff refused to dismiss the claims against Eustis. The court then dismissed Plaintiff's claims for benefits against Eustis holding that it was not a proper party to a claim for benefits

[1] Plaintiff has admitted this fact in response to a Request for Admission.

under 29 U.S.C. §1132(a)(1)(b).[2] The court did not dismiss Plaintiff's claims against Eustis under 29 U.S.C. §1132(a)(3), ERISA's catch all provision providing for "appropriate equitable relief." The court reasoned that the record was insufficiently developed to dismiss this claim.

Plaintiff's admission that she has received all the disability benefits she sought now establishes that there is no relief she can obtain under §1132(a)(3). Particularly, the Supreme Court has made clear that §1132(a)(3) does not authorize an award of monetary damages such as compensatory damages, attorney's fees or legal interest. Additionally, ERISA does not provide penalties for any of the conduct alleged by Plaintiff.

## II. STATEMENT OF UNDISPUTED FACTS

Plaintiff was an employee of Defendant Eustis Engineering Company.[3] She was a participant in the Eustis's Long Term Disability Benefits Plan.[4] The insurer providing the disability benefits to Eustis's plan was AIG.[5] Plaintiff has been paid all disability benefits she was entitled to under the terms of the Plan.[6] Following her last day of paid employment, November 17, 2001, Plaintiff never returned to work due to her disability.[7]

## III. ARGUMENT AND LAW

### A. THE SUPREME COURT HAS MADE CLEAR THAT THE RELIEF AFFORDED BY 29 U.S.C. §1132(A)(1)(B) DOES NOT INCLUDE MONEY

For many years, the Supreme Court held that plan participants could not bring a claim for breach of fiduciary duty under Section 502(a)(2) of ERISA, 29 U.S.C. §1132(a)(2) to recover relief individual to the participant. Rather, this form of action was limited to seeking relief on behalf of the Plan itself similar to a corporate shareholder derivative action. *Massachusetts*

---

[2] Record Document 21.
[3] Complaint ¶ IV.
[4] Complaint ¶ V.
[5] Complaint ¶ III.
[6] Plaintiff's Response to Request for Admissions, Exhibit A.
[7] Complaint ¶ VII – X.

*Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Some years later, in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court recognized a cause of action for breach of fiduciary duty for individual relief under Section 502(a)(3), 29 U.S.C. §1132(a)(3). However, the relief available under this section is limited.

In *Varity,* a group of beneficiaries under an ERISA plan sued the plan administrator alleging that the administrator, through trickery, led them to withdraw from the plan and forfeit their benefits. The issues presented to the Supreme Court were (1) whether the administrator was acting in the capacity of an ERISA fiduciary; (2) whether the administrator's actions violated his fiduciary obligations under ERISA; and (3) whether § 502(a)(3) of ERISA[8] authorized beneficiaries to bring a lawsuit for relief under the statute. The Court held that a beneficiary could bring a claim under § 502 (a)(3) for "appropriate equitable relief." *Varity Corp. v. Howe,* 516 U.S. at 515.

Following *Varity,* the Supreme Court specifically addressed whether *"appropriate equitable relief"* includes a claim for money damages in *Great-West Life & Annuity Insurance Company v. Knudson*, 122 S.Ct. 708 (2002). The Court held that it does not.

> Rather, § 502(a)(3), by its terms, only allows for *equitable* relief. We will not attempt to adjust the "carefully crafted and detailed enforcement scheme" embodied in the text that Congress has adopted. Because petitioners are seeking legal relief—the imposition of personal liability on respondents for a contractual obligation to pay money-- § 502(a)(3) does not authorize this action.

*Great-West Life & Annuity Insurance Company v. Knudson*, 122 S.Ct. at 718-719. (citations omitted). *Great-West* followed the Supreme Court's earlier decision in *Mertens v. Hewitt*

[8] A civil action may be brought— (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan. ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3).

*Assocs.*, 508 U.S. 248 (1993) that held "appropriate equitable relief" under 1132(a)(3)included only remedies that were typically available in equity such as injunctions, restitution, reinstatement, and disgorgement.

The Fifth Circuit has rejected the proposition that §1132(a)(3) provides an avenue for a court to provide "make whole" relief that would include money damages.

> The Supreme Court rejected the petitioners' arguments that ERISA permitted a remedy calculated to make them whole, holding that ERISA does not permit the recovery of compensatory damages.

*Rogers v. Hartford Life and Accident Insurance Company,* 163 F.3d 933 (5th Cir. 1999). Moreover, since *Great-West,* the Fifth Circuit has carefully followed it and dismissed claims for money damages that plaintiffs have attempted to disguise as equitable relief. Two cases brought by insurers seeking to recover reimbursement of medical benefits paid to a participant injured by a third party tortfeaser illustrate the difference between equitable relief and legal relief when the plaintiff is seeking a sum of money.

In *Bauhaus USA Inc. v. Copeland*, 292 F.3d 439 (5th Cir. 2002), the court considered whether a suit against a participant by a benefit plan seeking a constructive trust over proceeds of the participants tort claim constituted equitable relief. The participant was not actually holding the funds. Rather, they had been submitted into the registry of the court with jurisdiction over the tort claim. The court concluded because the funds were not in the participant's possession, an action against him was for personal liability for money damages, not equitable relief. In glossing *Great-West*, the Fifth Circuit explained:

> Distinguishing restitution in equity from restitution at law, the Court defined restitution in equity as a "form of constructive trust or equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property *in the defendant's possession.*" The Court reasoned that Great-West did not seek restitution in equity because the proceeds of the settlement to which Great-West

> maintained it was entitled were not in the Knudsons' possession, but were in the Special Needs Trust

*Bauhaus U.S.A. Inc. v. Copeland*, 292 F.3d at 444.

However, the Fifth Circuit found in *Bombadier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348 (5th Cir. 2003) that where the plan sought to recover proceeds from the settlement of a personal injury claim that were in the trust account of the participant's lawyers, ERISA provided a cause of action for equitable restitution.

> The Plan responds--correctly, we conclude--that because it seeks to recover specifically identifiable funds that are in the constructive possession and the legal control of the participant but belong in good conscience to the Plan, its action for a constructive trust in no way seeks to impose personal liability on either defendant.

*Bombadier*, 354 F.3d at 355.

These cases make clear that the situations where a plaintiff can recover a sum of money under 1132(a)(3) are extremely limited. The plan participant in *Bauhaus* indisputably owed the plan a portion of his settlement proceeds. The plan could not proceed to recover those funds under ERISA even though, as Judge Weiner noted in his dissent, the plan's state law claims against the participant were preempted. Money is only available as equitable relief when there is an "identifiable fund" in the hands of the defendant that in "good conscience" belongs to the plaintiff.

**B. PLAINTIFF'S CLAIMS FOR RELIEF ATTEMPT TO IMPOSE PERSONAL LIABILITY ON EUSTIS FOR MONEY**

Plaintiff's complaint requests attorney's fees, legal interest and certain compensatory damages. Each of these items is a form of legal relief, *i.e.*, personal liability for money.

1. Compensatory Damages Are Not Available

The Supreme Court and the Courts of Appeal have consistently held that extra contractual relief such as compensatory damages are not available under 1132(a)(3). *Mertens v.*

*Hewitt Assoc.*, 113 S.Ct. 2063 (1993) (remedies available under §502(a)(3), do not encompass compensatory damages but rather are limited to traditional equitable remedies of injunction, mandamus and restitution); *In re Occidental Petroleum Corp.*, 217 F.3d 293 (5th Cir. 2000) (extracontractual compensatory and punitive damages are not available in an ERISA action); *Mayberry v. United States*, 151 F.3d 855 (8th Cir. 1998) (*Mertens* holding precludes characterization of settlement of Plaintiff's §502(a)(3) claim as personal injury damages, and it is therefore subject to Federal income and employment taxes pursuant to IRC §104(a)(2)); *Griggs v. E.I. Dupont de Nemours & Co.*, 2001 WL 20518 (4th Cir. 2001) (holding that neither compensatory nor punitive damages are available in breach of fiduciary duty claim brought under ERISA); *Gerbec v. United States*, 164 F.3d 1015 (6th Cir. 1999); *Corcoran v. United Health Care*, 965 F.2d 1321 (5th Cir. 1992), cert. denied, 113 S.Ct. 812 (1992).

Plaintiff cannot recover lost wages, lost benefits or deductibles as prayed for in the Complaint.

2. Attorney's Fees Are Not "Equitable" Relief

ERISA's attorney fee provision, 1132(g) does not provide for an independent cause of action. Rather, it provides authority to award attorney's fees in an action under 1132(a). A plaintiff cannot bring a direct claim under 1132(a)(3) seeking attorney's fees because such an action seeks to impose personal liability for money damages. *Choi v. Massachusetts General Physicians Organization, Inc.*, 66 F.Supp.2d 251 (D. Mass. 1999)("Given the Court's limited reading of the term appropriate equitable relief in *Mertens*, Choi's contention that his claim for attorney's fees essentially seeks equitable 'restitution' is unfounded); *Mintkenbaugh v. Central States, Southeast and Southwest Areas Health and Welfare Fund*, 1996 WL 931993 (W.D. Ky. 1996)("An award of attorney's fees would clearly constitute monetary relief.")

Plaintiff certainly had the right to seek an award of attorney's fees against AIG following the payment of her benefits. She chose not to pursue this course. She cannot impose personal liability on the part of Eustis for those fees under 1132(a)(3).

3. An Award of Interest Against Eustis Would Constitute The Unlawful Imposition of Personal Liability for Money

ERISA does not expressly provide for an award of prejudgment interest, except with respect to actions under § 515 and § 502(g)(2) to collect delinquent employer contributions to a multi-employer plan.[9] Courts have awarded pre-judgment interest in actions seeking the payment of benefits under 1132(a)(1)(B). *See, e.g., Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 585 (6th Cir. 2002)("Although ERISA does not mandate the award of prejudgment interest to prevailing plan participants, we have long recognized that the district court may do so at its discretion in accordance with general equitable principles, *citing Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 616 (6th Cir.1998).)

Nevertheless, a suit for interest on delayed benefit payments against Eustis is a suit for money damages, not equitable relief.

> [I]nterest on money past due under a contract is a classic form of compensatory damages and, as such, does not qualify as "equitable relief" under § 502(a)(3)(B). *See* Knudson, 534 U.S. at 210, 122 S.Ct. 708 (explaining that suits for money damages are "the classic form of *legal* relief" and, therefore, are not recoverable under § 502(a)(3)(B)).

*Flint v. ABB, Inc.*, 337 F.3d 1326 (11th Cir. 2003). While there were some cases allowing for the recovery of interest under 1132(a)(3), the Eleventh Circuit explained that these cases have been called into serious doubt by *Great West. Id. at* 1330 – 1331. In any event, the theory those cases derived from was disgorgement of wrongfully obtained money. That is, the action was equitable because the defendant had wrongfully withheld money and obtained the benefit of its time value.

[9] See 29 U.S.C. §1132(g)(2) and §1145.

*See, e.g., Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 229-30 (2d Cir.2002); *Jackson v. Fortis Benefits Ins. Co.*, 245 F.3d 748, 749-50 (8th Cir.2001).

Here, Eustis has never been in possession of any of the funds used to pay Plaintiff's benefits. Rather, AIG possessed those funds and ultimately paid the benefits to Plaintiff. As such, Eustis has not been unjustly enriched in any way by the delay about which Plaintiff complains. There is simply no way to characterize a claim for interest against Eustis as "equitable relief."

4. Other Unspecified Equitable Relief

Plaintiff's Complaint seeks "other equitable relief." It does not specify what form of equitable relief might be available to it. Now that Plaintiff has received all her benefits, there is no other form of equitable relief Plaintiff can recover. The classic equitable remedies, injunction, disgorgement, reinstatement and restitution are simply irrelevant in the circumstances of this case.

**C. PLAINTIFF'S COMPLAINT DOES NOT ALLEGE ANY ALLEGATIONS OF VIOLATIONS OF ERISA THAT WOULD GIVE RISE TO AN AWARD OF PENALTIES**

ERISA contains very few provisions authorizing a court to award penalties. Plan participants can seek penalties under 1132(c)(1) for three specific forms of conduct. These are failure to provide COBRA notice at the outset of employment and upon the occurrence of a qualifying event,[10] failure to notify participants of a qualified transfer by an employee pension benefit plan of excess pension assets to a health benefits account,[11] and failure to respond to a written request for information made by a participant where the plan administrator has a duty to provide the information.[12] Plaintiff has not alleged that any of these events occurred. Rather, Plaintiff alleges entitlement to penalties "as a result of the arbitrary way in which defendants

---

[10] 29 U.S.C. 1166(a)(1) and (4).
[11] 29 U.S.C. 1021(e).
[12] For example, annual reports and summary plan descriptions required to be provided under 29 U.S.C. 1024.

administered her claim." ERISA contains no provision providing for an award of penalties as a result of the manner in which a claim is administered.

To the extent Plaintiff is attempting to assert a claim for penalties under Louisiana's laws regulating insurance companies, those laws do not apply to an employer such as Eustis who is not an "insurer."[13] Moreover, courts have routinely held that ERISA preempts Louisiana's penalty statute. *See, Lee v. Sun Life Assurance Company of Canada,* 20 F.Supp.2d 983 (M.D. La. 1998) and cases cited at fn. 30 therein.

## IV. CONCLUSION

A great deal of time and money could be spent in this suit fighting over who was responsible for AIG's initial denial of Plaintiff's claim. A great deal of time and money could be spent determining if Eustis was engaging in fiduciary conduct when AIG telephoned an unidentified employee and apparently received some information about Plaintiff's employment that was recorded onto a yellow sticky note. A great deal of time and money could be spent determining whether Plaintiff suffered the losses she claims. But, since Plaintiff has received the benefits she sought, none of those issues are relevant. ERISA does not provide her any more relief.

When Congress crafted ERISA, it did not want to create disincentives for employers to offer benefits. It wanted to ensure that promised benefits were provided. It has worked here. Plaintiff has received the disability benefits procured for her by Eustis. But the remainder of Plaintiff's claims must be dismissed because what she seeks, - a judgment for money damages against her employer – is not authorized by ERISA.

Wherefore, Defendant Eustis Engineering Company prays that all Plaintiff's claims against it be dismissed with prejudice at her sole cost and expense.

[13] See LSA – R.S. 22:5 and 22:657.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Memorandum in Support of Motion for Summary Judgment via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this 5 day of March 2004.

EDWARD F. HAROLD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JEANNE PHILLIPS POWELL** | * | **CIVIL ACTION NO. 02-CV-01259** |
| **Plaintiff** | * | |
| | * | **SECTION N** |
| | * | |
| **VERSUS** | * | **JUDGE ENGELHARDT** |
| | * | |
| **ENSTIS ENGINEERING COMPANY** | * | **MAGISTRATE 4** |
| **INC. and AIG LIFE INSURANCE** | * | |
| **COMPANY** | * | **MAGISTRATE ROBY** |
| **Defendants** | * | |
| | * | |

*************************************

**RESPONSES TO REQUEST FOR ADMISSIONS**

**NOW INTO COURT** through undersigned counsel comes plaintiff, Jeanne Phillips Powell to response to defendant's Request fo Admissions as follows:

**1**

Request number one is denied. Please see prayer of original complaint.

**2**

Request number two is admitted.

**Respectfully Submitted,**

**DELBERT G. TALLEY**
Attorney and Counselor At Law
2200 North Highway 190, Suite A
P.O. Box 2608
Covington, Louisiana 70434-2608
**Telephone:** (985) 893-5511
La. Bar No. 12635

EXHIBIT
A

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 25 day of Feb, 2004, served a copy of the foregoing pleading on all counsel to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

DELBERT G. TALLY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEANNE PHILLIPS POWELL**<br>**Plaintiff,**<br><br>**VERSUS**<br><br>**EUSTIS ENGINEERING COMPANY, INC. and AIG LIFE INSURANCE COMPANY,**<br>**Defendants.** | **CIVIL ACTION NO. 02-CV-01259**<br><br>**SECTION N**<br><br>**JUDGE ENGELHARDT**<br><br>**MAGISTRATE 4**<br><br>**MAGISTRATE ROBY** |

**NOTICE OF HEARING**

Please take notice that Defendant Eustis Engineering Company will bring on for hearing its Motion for Summary Judgment before the Honorable Kurt Englehardt on March 31, 2004 at 9:30 a.m. or as soon thereafter as counsel may be heard at Room C351, United States Courthouse, 500 Poydras St., New Orleans, Louisiana 71030.

Respectfully submitted,

EDWARD F. HAROLD, T.A.
La. Bar Roll No. 21672
Fisher & Phillips L.L.P.
201 St. Charles Ave., Ste. 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

**COUNSEL FOR EUSTIS ENGINEERING COMPANY INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Notice of Hearing via U.S. Mail on

Delbert G. Talley
2200 North Highway 190
Suite A
Covington, Louisiana 70433

this 5 day of March 2004.

EDWARD F. HAROLD